In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00405-CV


 _____________________



IN RE MEAGAN OSBORNE AND ETHAN OSBORNE







Original Proceeding






MEMORANDUM OPINION



 Meagan Osborne and Ethan Osborne, acting through Laura Porter as next friend, seek
mandamus review of the denial of a motion for leave to designate an accident reconstruction
expert, and the denial of a motion for continuance. The case is set for trial in September 
2009. Relators seek an interim stay of trial court proceedings. We deny the petition for writ
of mandamus and the motion to stay trial court proceedings. 

 The underlying suit was filed by Renee Michele Hollier individually and as the
personal representative of the Estate of Jordan Hollier against Walton Transportation
Company, Kevin Alan Lavine and Meagan Osborne. An agreed discovery plan order set a
deadline of March 27, 2009, for designation of experts by plaintiffs and May 1, 2009, for
designation of experts by all parties other than plaintiffs. On June 4, 2009, relators filed a
petition in intervention against Walton Transportation Company and Kevin Alan Levine. 
After attending the deposition of the defendants' expert, the Osbornes sought leave to
designate an accident reconstruction expert. The Osbornes also sought a continuance, or in
the alternative asked the trial court to strike the defendants' expert witness. The trial court
denied the motion for leave and declined to continue the trial setting. 

 Mandamus relief is available to correct a clear abuse of discretion for which a relator
has no adequate remedy at law. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36
(Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits
of mandamus review against the detriments. Id. at 136. We consider whether mandamus
review of a significant ruling is "essential to preserve important substantive and procedural
rights from impairment or loss," to provide "helpful direction to the law that would otherwise
prove elusive" on appeal, or to "spare private parties and the public the time and money
utterly wasted enduring eventual reversal of improperly conducted proceedings." Id. 
Whether an appeal will be adequate "depends heavily on the circumstances presented and is
better guided by general principles than by simple rules." Id. at 137.

 In this case, the relators filed their petition for intervention after the discovery control
plan had been established, and then asked to alter the discovery schedule and continue the
trial setting. The case is set for trial in less than a week. The relators have not shown that
the benefits of mandamus review in this case outweigh the detriments of pre-trial review of
the trial court's ruling on the relators' motions. Accordingly, we deny the petition for writ
of mandamus and the motion to stay trial court proceedings.

 PETITION DENIED.

 PER CURIAM

Opinion Delivered September 4, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.